**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARTHUR PRICE,

      Plaintiff-Appellant,

v.

DR. RINA SHINN, DR. POUNDS,
DR. ALEA PETERS, DR. CABLING,

      Defendants-Appellees.

No. 05-1382
(D.C. No. 05-CV-00631-ZLW)
(Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Arthur Price, a state prisoner proceeding *pro se*,[1] brought a civil rights

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]We construe Mr. Price's filings liberally because he is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

action under 42 U.S.C. § 1983, alleging that various medical professionals and prison officials violated his Eighth Amendment rights by denying him surgery as well as mental health treatment for post traumatic stress disorder (PTSD). The district court dismissed Mr. Price's case without prejudice for failing to exhaust administrative remedies. We review the district court's ruling *de novo*, *see Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), and affirm.

The Prisoner Litigation Reform Act (PLRA) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).[2] We have held that the PLRA's section 1997e(a) presents a "total exhaustion requirement" such that "the presence of unexhausted claims in [a prisoner]'s complaint require[s] [a] district court to dismiss his action in its entirety without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189

---

[2] On appeal Mr. Price asserts that the PLRA should not govern his action because his claims relate to medical and mental health issues, not "prison conditions." Aplt. Br. at 3. Mr. Price is mistaken. "[C]omplaints about medical treatment in prison are complaints about 'prison conditions.'" *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534 (1999); *see also Wilson v. Seiter*, 501 U.S. 294, 299 n.1 (noting that "if an individual prisoner is deprived of needed medical treatment, that is a condition of his confinement, whether or not the deprivation is inflicted upon everyone else.").

(10th Cir. 2004). After Mr. Price filed his civil rights action on April 5, 2005, the district court ordered him to file an amended complaint detailing whether he had exhausted his administrative remedies for both his surgery and PTSD claims. In response, Mr. Price asserted that he had tried to exhaust his administrative remedies but prison staff prevented him from doing so, at least for his surgery claim, by failing to issue grievance forms or respond to his handwritten submissions. Rec., doc. 3 at 7; doc. 4 at 7; doc. 12 at 8-9, 21. He also submitted documentation which he contended exhibited exhaustion of both his claims.

Mr. Price's documentation indicates that as to his PTSD claim, he had completed the formal three-step grievance process required by the Colorado Department of Corrections. But the final letter Mr. Price received establishing exhaustion of this claim was dated June 16, 2005, over two months after he filed his civil rights action in federal court. The exhaustion requirement of the PLRA requires that a prisoner's claim be administratively exhausted prior to the filing of the action in court, rather than during the pendency of that action. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) ("[r]esort to a prison grievance process must precede resort to a court") (quoting *Porter*, 534 U.S. at 529); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) ("§ 1997e(a) requires exhaustion before the filing of a complaint and . . . a prisoner does not comply with this requirement by exhausting available remedies during

the course of the litigation") (citing cases). Noting as much, the district court determined Mr. Price had not exhausted his administrative remedies on the PTSD claim prior to filing his civil rights action.

The grievance documentation submitted by Mr. Price regarding his surgery claim includes two handwritten documents. One is titled "informal resolution attempt . . . denial of competent treatment" and is dated August 26, 2004. It alleged, among other things, that Mr. Price required surgery by a competent surgeon. Rec., doc. 12 at 11. In a subsequent handwritten document dated October 25, 2004, and titled "Grievance Step III," Mr. Price claimed that he received no response to his "informal resolution attempt" of August 26, and asserted that any requirement that Mr. Price proceed to step II of the grievance process was therefore waived. *Id.* at 12. There is no indication that Mr. Price received any official prison response to either of these documents. Mr. Price claims prison officials refused to provide him with the required grievance forms for these 2004 grievances, and likewise failed to respond in a timely manner to his handwritten submissions.[3] *See* Aplt. Br. at 3, 18.

---

[3]A prisoner who is denied the proper grievance forms lacks an available administrative remedy. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). We have also held that prison officials' "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). However, even if Mr. Price was denied the proper grievance forms and his handwritten submissions

Despite the alleged failure of prison officials to provide Mr. Price with the required grievance forms, Mr. Price's self-styled documentation does not comply with the Colorado Department of Corrections grievance procedures. Contrary to Mr. Price's submitted "informal resolution attempt" and "Grievance Step III" documents, which contain a litany of medical complaints against the prison, grievances "shall address only one problem or complaint." Colo. Dep't of Corrs. Admin. Regulation 805-04 at 3.a (2005). There is also no basis to Mr. Price's argument that because he did not receive a response to his "informal resolution attempt," the prison waived any requirement that Mr. Price had to proceed to step II of the grievance process, thereby allowing him to jump to step III. The regulations direct that "[i]n the event the time limit concerning any step of the process expires without a response, the offender may proceed to the *next step* within five calendar days of the date the response was due." *Id.* at D.1.d. *Cf. Jernigan*, 304 F.3d at 1030 (administrative remedy not "unavailable" where regulations provide a bypass in the event inmate does not receive a response).

As referenced above, *Ross* provides that the PLRA "requires inmates to exhaust fully *all* of their claims before filing in federal court. If a prisoner does

were proper substitutes for the formal grievance process, and even if prison officials denied him an available administrative remedy by failing to respond to his grievances in a timely manner, we are not convinced the district court erred in dismissing Mr. Price's case for the reasons set forth in text.

submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the *entire action* without prejudice." 365 F.3d at 1190 (emphasis added). Hence, even if Mr. Price had exhausted his surgery claim, his failure to fully exhaust his PTSD claim prior to filing his civil rights action "required the district court to dismiss his action in its entirety without prejudice." *Id.* at 1189. Mr. Price is at liberty to file a new action for those claims that are now fully exhausted. However, "[the PLRA's] statutory exhaustion requirement . . . is mandatory, and the district court was not authorized to dispense with it" when reviewing Mr. Price's initial complaint. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).

The district court is **AFFIRMED**.[4] Appellant's motion to add names to the lawsuit is denied.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[4]Mr. Price's request to proceed *in forma pauperis* on appeal is granted, but he is reminded that he must continue to make partial payments until his appellate filing fee is paid in full.