20-729-cv
Dean v. Iozzia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd of March, two thousand-two.

PRESENT: John M. Walker, Jr.,
Steven J. Menashi,
Eunice C. Lee,
     *Circuit Judges*.

_____

DEVON DEAN,

     *Plaintiff-Appellant*,

   v.                            No. 20-729

IOZZIA, LIEUTENANT, SHABENAS, CAPTAIN, SCOTT S. SEMPLE, COMMISSIONER, DUMAS, CORRECTIONAL OFFICER, TURNER, CORRECTIONAL OFFICER, MUCKLE, CORRECTIONAL OFFICER, GAUDET, CORRECTIONAL OFFICER, SENICK, CORRECTIONAL OFFICER, MELTON, CORRECTIONAL OFFICER, CIESNIK, CORRECTIONAL OFFICER, PACILEO, CORRECTIONAL OFFICER,

*Defendants-Appellees*,

JOHN SMITH, UNIT MANAGER, JANE SMITH, UNIT MANAGER, SANTIAGO, WARDEN, ZEGARZULSKI, DEPUTY WARDEN, MARTIN, DEPUTY WARDEN, CONGER, UNIT MANAGER,

*Defendants*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Devon Dean, pro se, Suffield, CT. |
| For Defendants-Appellees: | Clare Kindall, Solicitor General, Terrence M. O'Neill, Assistant Attorney General, *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Devon Dean, a prisoner proceeding pro se, sued corrections officers under 42 U.S.C. § 1983 for excessive force, alleging that the officers assaulted him while escorting him to another housing unit of his correctional

facility in January 2016. The district court granted summary judgment to the defendants, reasoning that Dean failed to exhaust his administrative remedies because he did not fully appeal his grievance in accordance with the Connecticut grievance procedures. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner, before bringing a lawsuit in federal court about prison conditions, to exhaust administrative remedies in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature

3

of the wrong for which redress is sought does not constitute proper exhaustion under *Woodford*.") (internal quotation marks, alterations, and citation omitted). During the time period relevant to this appeal, prisoners in Connecticut were required to follow a three-tiered grievance procedure set forth in Connecticut Department of Corrections Administrative Directive 9.6. First, a prisoner must file a "Level 1" grievance after attempting informal resolution with staff. Then, if the grievance is denied or rejected, or if no response is received within 30 business days, the prisoner may appeal to Level 2. Finally, a prisoner may escalate his grievance to Level 3 if he does not receive a Level 2 decision within 30 business days.

Prisoners are exempt from the exhaustion requirement when administrative remedies are "unavailable." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative procedure is unavailable when "(1) the grievance process 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) the process is 'so opaque that it becomes, practically speaking, incapable of use'; or (3) 'prison administrators thwart inmates from taking advantage of a grievance process through machination,

4

misrepresentation, or intimidation.'" *Rucker v. Giffen*, 997 F.3d 88, 93 (2d Cir. 2021) (quoting *Ross*, 578 U.S. at 643-44). This list is not exhaustive. *Id.*

Dean failed to exhaust his administrative remedies. Even assuming, as the district court did, that Dean had filed a Level 1 grievance by giving his grievance to a staff member to file while he was in the restrictive housing unit, he never appealed to Level 2 or 3 when he did not receive a timely response. Even if we assume he complied with the Level 1 grievance procedures, Dean does not dispute that he failed to file a Level 2 grievance. Dean could have filed such an administrative appeal when he did not receive a response to his Level 1 grievance within 30 days. Because an appeal was possible, administrative remedies were available to him. *See Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) ("To be 'available' under the PLRA, a remedy must afford the possibility of some relief for the action complained of.") (internal quotation marks omitted). Dean therefore failed to show that he exhausted his administrative remedies and the district court properly granted summary judgment to the defendants. *See Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) ("[P]risoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined

5

not by the PLRA, but by the prison grievance process itself.") (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

We have considered Dean's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court