**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3616
_____

TYRONE K. GLENN,
                              Appellant

v.

JOSEPH MATALONI, Correctional Health Care Administrator SCI-Retreat; RENATO
DIAZ, Medical Director / PA DOC Dallas; LARISA YARCZOWER, Physician Assistant
- PA DOC - SCI - Retreat; ANTHONY CHIAVACCI, Medical Director PA DOC- SCI-
Retreat; MYRON STANISHEFSKI, Correctional Health Care Administrator - PA - DOC
- SCI - Dallas; M.D. STANLEY STANISH, Medical Director - PA - DOC- SCI- Dallas;
PRISON HEALTH SERVICES, INC.; WEXFORD HEALTH SERVICES, INC.;
PENNSYLVANIA DEPARTMENT OF CORRECTIONS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00069)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2022

Before:  GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: May 18, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Pro se appellant Tyrone Glenn appeals the District Court's order granting the defendants' motions to dismiss and for summary judgment. For the reasons set forth below, we will affirm the District Court's judgment in part, vacate in part, and remand this matter for further proceedings.

In his complaint, Glenn alleged that prison medical officials provided him with constitutionally inadequate medical care. According to Glenn, he began to complain about pain in his anal cavity in 2004. Defendants from SCI-Retreat—Larisa Yarczower and Drs. Renato Diaz and Anthony Chiavacci—performed a variety of blood and fecal tests, diagnosed him with hemorrhoids, and prescribed a cream. He alleges that the pain persisted, and the defendants continued to take tests and conclude that the pain was because of hemorrhoids. However, they, as well as Joseph Mataloni, an administrator, refused to order further tests. In 2010, he was transferred from SCI-Retreat to a prison in Virginia; medical officials in that prison also attributed his pain to hemorrhoids.

After briefly returning to SCI-Retreat, Glenn was transferred to SCI-Dallas in 2013. There, he complained about his anal pain to defendants Stanley Stanish, the medical director; and Myron Stanishefski, an administrator. These defendants refused Glenn's request to see a specialist about his pain.

In 2014, Glenn was transferred to SCI-Somerset, where he continued to report pain and ask to see a specialist. The medical personnel continued to diagnose hemorrhoids. He was given blood tests. In 2017, a physician's assistant told him that his blood test showed an increase in the amount of prostate-specific antigen since his prior

2

test. After performing a variety of other tests, Glenn was diagnosed with prostate cancer on February 15, 2018. Glenn underwent radiation and hormone therapy. He says that this caused a variety of serious and painful side effects. In 2019, he was informed that his prostate-specific antigen was down to zero, which was the result doctors were hoping to attain.

Glenn filed his complaint in January 2020. He alleged that the defendants named above, as well as Prison Health Services, Inc., Wexford Health Services, Inc., and the Pennsylvania Department of Corrections violated his Eighth Amendment rights by failing to provide adequate medical treatment. He also raised a variety of state-law claims.

Ultimately, the District Court dismissed the complaint in part and granted summary judgment in favor of the defendants in part. See ECF Nos. 69 & 70. The Court dismissed the claims as to most defendants and granted summary judgment to Stanish and Stanishefski on the ground that Glenn had not exhausted his prison remedies. The Court also declined to exercise supplemental jurisdiction over Glenn's state tort claims. Glenn appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal and summary judgment orders. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014) (summary judgment); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (dismissal). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is appropriate "if the movant shows that

3

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We agree with most of the District Court's analysis. As the District Court explained, Glenn failed to state a claim against Wexford Health Services or Prison Health Services because he did not identify a policy, practice, or custom that was the cause of his alleged injuries. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003). Further, the Pennsylvania Department of Corrections is immune under the Eleventh Amendment from this § 1983 action. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020).

Turning to the individual defendants, Glenn litigated and lost a lawsuit with the same claims against defendants Mataloni and Diaz in 2005. See Glenn v. Mataloni, No. 1:05-cv-01934, 2005 WL 3159195 (M.D. Pa. Nov. 28, 2005). To the extent that Glenn now relies on the same allegations, the District Court correctly concluded that the claims are barred by res judicata. See generally In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).[1] However, appellant also alleged that the defendants continued to violate his rights after that lawsuit, and we have held "that res judicata does not bar claims that are

---

[1] Glenn also asserted claims against Yarczower, but he has conceded that those claims were properly dismissed. See Br. at 20. Moreover, the District Court dismissed his claims against Chiavacci because he had pre-deceased Glenn's complaint and his claims under the Pennsylvania Constitution because Pennsylvania does not recognize a private right of action for damages for violations of its constitution. Because Glenn has not challenged those decisions in his opening brief, he has forfeited any such argument. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

4

predicated on events that postdate the filing of the initial complaint." Morgan v. Covington Twp., 648 F.3d 172, 178 (3d Cir. 2011). Thus, the District Court erred in dismissing those parts of Glenn's claims against these defendants that relied on events that occurred after the 2005 lawsuit, and we will vacate the District Court's judgment in part.[2]

This leaves Glenn's claims against defendants Stanish and Stanishefski. The District Court did not err in determining that Glenn failed to exhaust his administrative remedies as to his claims against these defendants. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 85 (2006). While Glenn filed a timely grievance in 2004, that grievance did not name Stanish or Stanishefski as offenders—indeed, it concerned events at SCI Retreat, but Stanish and Stanishefski interacted with Glenn while he was at SCI Dallas. That grievance was therefore insufficient to exhaust his remedies against those defendants. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004).

Glenn did file a grievance naming these defendants in September 2019, but the prison determined that it was untimely. This grievance, therefore, did not satisfy the

---

[2] Mataloni and Diaz argue that we should affirm on the alternative ground that Glenn failed to exhaust his administrative remedies. However, because the District Court did not reach this defense, which may require close analysis of whether Glenn's 2004 grievance was sufficient to exhaust as to these defendants, see ECF No. 1-3–1-7; see generally Parzyck v. Prison Health Servs., Inc., 627 F.3d 1215, 1219 (11th Cir. 2010); Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013), we decline to reach this issue in the first instance. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 253 n.6 (3d Cir. 2010) ("[W]e ordinarily do not consider issues not addressed by the district court in the first instance."). Mataloni also asks that we affirm on the ground that Glenn failed to state a claim against him, but for similar reasons, we conclude that the District Court should address this defense in the first instance. See id.

5

exhaustion requirement. See Woodford, 548 U.S. at 84, 90; Pa. Dep't of Corr., Policy Statement DC-ADM 804 (requiring inmates to file an initial grievance within 15 working days of the events at issue). Glenn argues that the exhaustion requirement should be relaxed because the side effects from his cancer treatment made it impossible for him to file. The Supreme Court has concluded that Courts may not excuse exhaustion based on the existence of "special circumstances"; however, a prisoner need not exhaust when the remedies are "unavailable." Ross v. Blake, 578 U.S. 632, 642 (2016). We have not decided whether remedies are unavailable if a prisoner's health prevents timely filing. See generally Rinaldi v. United States, 904 F.3d 257, 266–67 & n.9 (3d Cir. 2018); cf. Rucker v. Giffen, 997 F.3d 88, 94 (2d Cir. 2021) (concluding that remedies were unavailable if the prisoner's ailment presents a "substantial obstacle" to exhaustion and the "prison will not accommodate such injury or medical treatment but will treat the grievance as untimely").

We need not decide the issue here because Glenn did not present sufficient evidence for a reasonable juror to conclude that his treatment prevented him from timely exhausting. See generally Hardy v. Shaikh, 959 F.3d 578, 587 (3d Cir. 2020) (explaining that the "burden to plead and prove that he was thwarted [from exhausting] rests on the inmate"). The defendants presented evidence, which Glenn did not rebut, that Glenn filed several other grievances during the same time period he said it was impossible for him to file. Thus, there is no genuine dispute of fact that Glenn's treatment did not

6

render the prison remedies unavailable to him.  See generally Scott v. Harris, 550 U.S. 372, 380 (2007).[3]

Thus, we will affirm the District Court's judgment as to all of Glenn's Eighth Amendment claims except we will vacate and remand as to his claims against Diaz and Mataloni.  Further, because our decision to remand this matter as to those claims means that not all claims over which the District Court has original jurisdiction have been denied or dismissed, we will also vacate and remand the District Court's order as to supplemental jurisdiction.  See United States v. Omnicare, Inc., 903 F.3d 78, 94 (3d Cir. 2018).[4]

Accordingly, we will affirm the District Court's judgment in part and vacate it in part, and remand this matter for further proceedings consistent with our opinion.

---

[3] Glenn argues—as far as we can tell, for the first time on appeal—that the copies of these grievances the defendants submitted in the District Court are fraudulent because there are minor discrepancies between two copies of one of the grievances, such as only one being hole-punched and only one having the grievance coordinator's signature. These small differences do not convince us that this grievance was fabricated.  Moreover, these arguments are irrelevant to the other grievances that Glenn successfully filed when he claimed he could not file grievances.

[4] The defendants argue that we should conclude that they are entitled to judgment on the merits of the state tort claims, but because they did not file a cross-appeal, we will not consider this argument.  See In re Christopher Columbus, LLC, 872 F.3d 130, 133 n.5 (3d Cir. 2017).