*Scott v. Greene*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-three.

PRESENT:    Reena Raggi,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

KATHY SCOTT,

        *Plaintiff-Appellant*,

    v.                                                      No. 22-930

ROBERT GREENE, JOHN DOE(S), JANE DOE(S), CHRISTINE HENG, ANGELA DUKATE, ROSEMARY JOHNSON, CLINTON CHAPUT, JOSEPH AGIUS, THOMAS WAGNER, FNU Dukate, FNU Johnson, FNU Wombledorf, FNU Agis,

*Defendants-Appellees.*[*]

_____

| | |
|---|---|
| *For Plaintiff-Appellant*: | JOEL S. SANSONE, Law Offices of Joel Sansone, Pittsburgh, PA. |
| *For Defendants-Appellees*: | WILLIAM M. BROWN (Tara E. Levens, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Merriam, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kathy Scott, an inmate at Federal Correctional Institution Danbury ("Danbury"), filed this *Bivens* action against several prison officials alleging deliberate indifference to her medical needs in violation of the Eighth Amendment. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court granted summary judgment to the defendants on the ground that Scott had not exhausted her administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. This appeal ensued. We assume the parties' familiarity with the facts and procedural history.

On appeal, Scott concedes that she did not complete Danbury's preestablished grievance process for any of the medical issues on which she bases

_____

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

her deliberate indifference claim. Instead, she argues that the PLRA does not require her to exhaust her administrative remedies under the circumstances of this case.

The Supreme Court has explained that the PLRA's exhaustion requirement is "mandatory," so a court may not "excuse a failure to exhaust." *Ross v. Blake*, 578 U.S. 632, 638-39 (2016); *see also Donnelly v. CARRP*, 37 F.4th 44, 53 (2d Cir. 2022) ("Mandatory claim-processing rules are mandatory."). The PLRA's exhaustion requirement includes only one exception: "An inmate … need not exhaust unavailable [remedies]." *Ross*, 578 U.S. at 642. A grievance process provides an available remedy when the process is "capable of use to obtain some relief for the action complained of." *Id.* (internal quotation marks omitted). The type of relief offered is not relevant to the availability inquiry: An inmate must exhaust her administrative remedies "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The *Ross* Court recognized three circumstances in which a remedy is not "available" for purposes of the PLRA: (1) when the grievance process is a "simple dead end" because officers are "unable or consistently unwilling" to provide relief; (2) when the administrative scheme is "so opaque" that it becomes "incapable of use"; and (3) when administrators "thwart" inmates seeking relief by means of "machination, misrepresentation, or intimidation." 578 U.S. at 643-44. We have noted that these categories are not exhaustive. *Rucker v. Giffen*, 997 F.3d 88, 93 (2d Cir. 2021).

Scott's main argument on appeal is that the grievance process at Danbury "could not replace [her] wrongly pulled tooth," "fix [her] damaged ankle," or "restore [her] eyesight." Appellant's Br. 10. A court also cannot provide those remedies. No matter. Scott's argument is irrelevant to the PLRA's exhaustion requirement. Scott must exhaust her administrative remedies "regardless of the relief offered" by those procedures. *Booth*, 532 U.S. at 741.

Scott does not argue that the grievance process at Danbury provided no relief whatsoever, that officers obstruct inmates from obtaining relief, or that the grievance procedures are incapable of use. *See Ross*, 578 U.S. at 643-44. Nor could she—for three reasons. First, Scott received medical treatment for some of the physical ailments that serve as a basis for her deliberate indifference claims. For example, after injuring her ankle, Scott was taken to the emergency room, received an x-ray, was examined by an orthopedist, and eventually underwent surgery. Second, Scott used Danbury's grievance procedure several times during the relevant period for issues not related to this case. Third, to the extent that Scott sought damages as a remedy for her injuries, Danbury's grievance procedure could have directed her to file an administrative tort claim, a parallel grievance system that the PLRA would require her to exhaust before coming to federal court. *See Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007). These facts indicate that Danbury can provide remedies in response to grievance claims. Accordingly, Scott has not established that Danbury failed to provide an "available" remedy. She therefore was required to exhaust her administrative remedies prior to bringing this action, which she admittedly failed to do.

\*     \*     \*

We have considered Scott's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4