*Garcia v. Heath*

# In the
# United States Court of Appeals
## FOR THE SECOND CIRCUIT

AUGUST TERM 2022
No. 22-367

FELIX GARCIA, DIN# 04-A-2384, SING SING CORRECTIONAL
FACILITY, 354 HUNTER STREET, OSSINING, NY 10562,
*Plaintiff-Appellant,*

WAYNE NORRIS, KEVIN WILLIAMS, JAMES JAMESON, ROLANDO
CORONADO, ELEGGUA OSUN ELUFE, ELMER ORTIZ, BRANDON
HOLMES, MALUMBA KAZIGO, LAMONTE JOHNSON, ERCREY
GRANGIER, PHILIP CALDAROLA, AMAURY BONILLA, PAUL
THOMPSON,
*Plaintiffs,*

v.

PHILIP D. HEATH, SUPERINTENDENT, SING SING C.F.,
NOEL F. MORRIS,
*Defendants-Appellees,*

MICHAEL CAPRA, SUPERINTENDENT, SING SING C.F., C.O. MORRIS,
FIRE AND SAFETY OFFICER, SING SING C.F., SUPERINTENDENT BRIAN
FISCHER, MEDICAL DIRECTOR GENOVESE, NIGHT WATCH
COMMANDER UNKNOWN, LIEUTENANT MEJIA, ALL GALLERY
OFFICERS KNOWN AND UNKNOWN, NURSE ADMINISTRATOR FURCO,
SGT. RICHARD A. MOSS, C.O. PETER MENDEZ, K-GALLERY OFFICER,
C.O. KYLE T. JACKSON, K-GALLERY OFFICER, CANDICE P. SUMPTER,
K-GALLERY OFFICER, SHELDON L. WELCH, K-GALLERY OFFICER,

**DEPUTY SUPER. WILLIAM F. KEYSER, KEVIN WINSHIP, SERGEANT VALERIE COLON, OFFICER SHELDON WELSH, OFFICER KEVIN M. JACKSON, OFFICER DANIEL HAUSRATH, DR. WILLIAMS, NURSE DOE, ANTHONY M. THERIAULT, EMIL MEIJA, MARYANN GENOVESE, NURSE ADMINISTRATOR BARBARA FURCO,**
*Defendants.*

———————

On Appeal from the United States District Court
for the Southern District of New York

———————

ARGUED: JANUARY 31, 2023
DECIDED: JULY 17, 2023

———————

Before:     LOHIER, MENASHI, and ROBINSON, *Circuit Judges*.

Felix Garcia brought a Section 1983 claim against prison officials for their conduct during an electrical fire at Sing Sing Correctional Facility. The district court determined that Garcia had not exhausted his administrative remedies and granted summary judgment to the officials. We vacate the judgment of the district court and remand for further proceedings. The district court must at least conduct an evidentiary hearing to determine whether Garcia failed to exhaust his administrative remedies.

———————

ERIC PETER STEPHENS, Jones Day, New York, NY, *for Plaintiff-Appellant*.

MARK S. GRUBE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva,

Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY, *for Defendants-Appellees*.

---

MENASHI, *Circuit Judge*:

Felix Garcia sued officials at the Sing Sing Correctional Facility under 42 U.S.C. § 1983 for their conduct during an electrical fire that occurred at the facility while Garcia was imprisoned there. The district court determined that Garcia had not exhausted his administrative remedies prior to bringing suit, as the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires. In this case, meeting the exhaustion requirement meant that Garcia had to participate in a three-stage grievance review process in the New York prison system. The record indicates that Garcia filed an initial grievance, but it is silent as to whether prison officials denied that grievance such that Garcia could proceed to the next stage of the process.

Garcia claims that he received a denial and then appealed through the second and third stages of review. He identifies no documentary evidence aside from the initial grievance. Meanwhile, the prison officials claim that Garcia received a denial but failed to appeal. The officials identify no documentary evidence of the denial. The record contains a consolidated denial of the complaints of other inmates affected by the fire, but Garcia's complaint is not included among those consolidated. The officials argue that Garcia's complaint must have been separately adjudicated and, because there is no record of Garcia's appeal, Garcia must not have appealed.

3

Drawing all reasonable inferences in Garcia's favor—as we do at the summary judgment stage—we conclude that there is a genuine dispute of material fact as to whether Garcia exhausted his administrative remedies. The prison officials may have mistakenly failed to consolidate Garcia's grievance with those of the other inmates who were affected by the electrical fire—in a possible violation of state regulations requiring full consolidation. Garcia's declaration is consistent with a belief that his grievance was denied as part of the consolidated group of grievants. He may have appealed that denial, but the prison system might not have a record of his appeal because it failed to record the denial of his initial grievance in the first place.

Garcia's declaration—combined with (1) the undisputed evidence that he filed an initial grievance, (2) the absence of documentary evidence that his complaint was ever denied, and (3) the apparent failure of the prison officials to consolidate his complaint with those of the other inmates—creates a dispute of material fact as to whether Garcia actually did pursue all administrative remedies that were "available" to him. 42 U.S.C. § 1997e(a). We vacate the judgment of the district court and remand for further proceedings. The district court must at least conduct an evidentiary hearing on the exhaustion of administrative remedies.

## BACKGROUND

### I

The PLRA prohibits a prisoner from bringing an action under 42 U.S.C. § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). For prisoners confined by the New York State Department of Corrections and Community

4

Supervision ("DOCCS"), the relevant administrative remedy is the Inmate Grievance Program ("IGP"). *See* 7 N.Y.C.R.R. § 701.5; *Williams v. Priatno*, 829 F.3d 118, 119 (2d Cir. 2016).

The IGP includes three layers of review for an inmate's grievance. First, the inmate must submit a grievance to the clerk of the Inmate Grievance Resolution Committee ("IGRC") within twenty-one days of the alleged incident. *See* 7 N.Y.C.R.R. § 701.5(a)(1). Second, the inmate must appeal a denial of that grievance to the correctional facility's superintendent within seven days of the IGRC's response. *See id.* § 701.5(c). Third, the inmate must appeal a superintendent's denial to the Central Office Review Committee ("CORC") within seven days of such a denial. *See id.* § 701.5(d).

State regulations provide that "'[l]ike grievances' may be consolidated at the option of the IGP supervisor or IGRC." *Id.* § 701.5(a)(3). Once those officials decide to consolidate, the regulations mandate that "[a] list of the names of every inmate who submitted a complaint on the issue shall be included with the grievance materials and submitted with any appeal which may result." *Id.*

## II

Early in the morning of April 18, 2011, an electrical fire broke out in the Sing Sing Correctional Facility, a prison in the New York state prison system. The fire led to a loss of electricity in Garcia's housing block and spread smoke throughout the facility. In the ensuing hours, prison officials evacuated the inmates from the facility; the evacuation took time due to the power outage and smoke.

Garcia filed a grievance with the IGRC requesting "[t]hat proper fire procedure protocol be established to prevent such occurrences from occurring again in the future; that adequate ventilation be maintained; [and] that this matter be subjected to a vigorous investigation." J. App'x 80. Other inmates who were affected by the fire also filed related grievances. But when prison officials consolidated those grievances for review, Garcia's name was not included in the consolidated list of grievants. The prison officials acknowledge that the consolidated group of grievants exhausted their administrative remedies after multiple denials. The record does not show whether Garcia's individual grievance was ever separately denied, even at the IGRC level. In a declaration, Garcia claimed that he received a denial and went through the full three-stage process of appeals.

Garcia sued the prison officials under 42 U.S.C. § 1983, alleging violations of his rights under the Eighth Amendment. Garcia claims that the prison officials "failed to evacuate" him while he was "trapped in his cell[]" and that he was then "taken to an unsecured area ... where unsupervised inmates attacked other inmates." J. App'x 72. Garcia's complaint alleges that the prison officials "failed to have an evacuation plan," "failed [to] have fire equipment for the purposes of fighting a fire," "failed to fix the windows or have a back up generator ... to assist in opening the windows in case of an emergency and failed to have medical staff evaluate [Garcia] in a secure area outside of the presence of Correction Staff." *Id.* The complaint also alleges that "the cells were not equipped with a ventilation system." *Id.*

6

Garcia states that this experience impacted his health and that he suffered "severe" headaches after the fire. *Id.* at 281. He claims that he "was injured by the Fire and suffered from headaches, nausea, worsened asthma, black discharge from his sinuses, and difficulty breathing." *Id.* at 162. He further alleges that he "experiences ongoing mental anguish, mood changes, and anxiety as a result of the Fire." *Id.*

The government moved for summary judgment, arguing that Garcia had not exhausted his administrative remedies. The district court granted the motion with respect to Garcia's claims, explaining that "[a]lthough Garcia timely filed a grievance to the IGP concerning the fire, DOCCS records indicate he did not appeal to CORC." *Garcia v. Fischer*, No. 13-CV-8196, 2019 WL 4256386, at *8 (S.D.N.Y. Sept. 9, 2019).[1] The district court observed that "Garcia submits a declaration in which he states his grievance was denied and he did appeal to the IGRC and the superintendent, but he does not provide copies of those grievances, copies of the alleged denials from IGRC or the superintendent, specify the grievance numbers assigned to them, or state the dates in which he sent them in." *Garcia*, 2019 WL 4256386, at *8. The district court additionally noted that Garcia did not "offer an explanation why, if he did file the necessary appeals, prison officials have no record of those grievances but do have records of others he filed around the same time." *Id.* Garcia appealed.

---

[1] This account skips a few steps. Garcia would have had to obtain a denial from the IGRC, file an appeal with the superintendent, and obtain a denial from the superintendent before he could appeal to the CORC. *See* 7 N.Y.C.R.R. § 701.5.

## DISCUSSION

"Summary judgment is warranted when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Romano v. Ulrich*, 49 F.4th 148, 152 (2d Cir. 2022) (citing Fed. R. Civ. P. 56(a)). "We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)). In this context, we "review de novo a district court's ruling on whether a plaintiff has exhausted administrative remedies under the PLRA." *Romano*, 49 F.4th at 152-53.

In this appeal, we consider whether Garcia has identified a genuine dispute of material fact as to whether he exhausted his administrative remedies before filing suit.

## I

Garcia filed his grievance along with the other inmates whom the fire affected. Under state regulations, prison officials may consolidate grievances about the same occurrence, such as a fire. The regulations seem to establish a discretionary-then-mandatory consolidation procedure. Prison officials have discretion *whether* to consolidate grievances about a particular event or occurrence; the regulations provide that "'[l]ike grievances' *may* be consolidated at the option of the IGP supervisor or IGRC." 7 N.Y.C.R.R. § 701.5(a)(3) (emphasis added). But once the officials decide to consolidate such grievances, the regulations arguably require that *all* of the grievances about the event be consolidated. The regulations provide that "[a] list

8

of the names of *every* inmate who submitted a complaint on the issue *shall* be included with the grievance materials and submitted with any appeal which may result." *Id.* (emphasis added).

Once prison officials decided to consolidate the grievances about the fire, the regulations seem to have required the officials to consolidate Garcia's grievance as well. In fact, the record indicates that Garcia may have been unique in having his grievance excluded from the consolidated grievances. The DOCCS records indicate that 159 inmates—presumably including Garcia—filed grievances about the fire, and 160 were consolidated for review, apart from Garcia's. Thus, even apart from the question of why Garcia's grievance was not consolidated, the records contain some inaccuracies or are incomplete. At oral argument, counsel for the prison officials could not explain why the officials failed to include Garcia's grievance in the consolidated group or why his name was not on the list.[2] Nor could counsel explain why there is no documentary evidence of Garcia's purportedly individualized denial.[3]

On this record, it is possible that the absence of Garcia's name from the list of consolidated grievants was an oversight and there was no separate, individualized review of his grievance. Under such circumstances, Garcia may have filed an appeal believing that his grievance had been denied with the 160 other grievances about the fire, but his appeal was not recorded because the prison grievance system did not record a denial that could be appealed in the first

---

[2] *See* Oral Argument Audio Recording at 21:40 (stating that "the record doesn't give the reason" for Garcia's exclusion).

[3] *Id.* at 18:38 ("It's not part of the record. If this issue had … been developed, then perhaps that would have come up.").

9

place. At the same time, it is also possible that the prison officials may be able to explain why Garcia's grievance, unlike the others, was not consolidated—and the prison officials may be able to identify a document denying Garcia's individual grievance that could have been appealed. But given that the record reflects a dispute over facts that are material to whether Garcia exhausted the available administrative remedies, the prison officials are not entitled to summary judgment on that issue.

## II

"[A] § 1983 plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact." *Bellamy v. City of New York*, 914 F.3d 727, 746 (2d Cir. 2019). In this case, Garcia submitted a declaration in which he stated that he received a denial from the grievance committee "on or about May 20, 2011," "immediately filed/appealed the grievance decision to the Superintendent of the facility," received a denial of that appeal from the Superintendent "[a]pproximately one month" later, and then "filed an appeal from the Superintendent's decision to CORC." J. App'x 216-17. That testimony was "consistent and uncomplicated" and was not "wholly improbable" in light of the standard procedures for consolidated grievances. *Bellamy*, 914 F.3d at 746. Moreover, there was "evidence in the record," as we have noted, "tending to support [the] inference" that Garcia exhausted the grievance procedures available to him. *Id.* Under these circumstances, the district court erred in concluding that Garcia had failed to create a genuine issue of material fact that he had exhausted his grievance.

Along with his declaration, Garcia provided documentation of his initial grievance. The prison officials do not dispute that he filed that grievance. Because the record does not reflect a denial of his

grievance, and the prison officials cannot even explain why Garcia's grievance was not consolidated with the others, a dispute of material fact remains for the district court to resolve. In other words, "resolving all ambiguities and drawing all permissible factual inferences in favor of" Garcia, *Burg*, 591 F.3d at 97, the record reflects a plausible inference that the prison officials failed to log Garcia's grievance—and therefore that the absence of a record of Garcia's appeal does not necessarily establish that he failed to appeal.[4]

Garcia's declaration is consistent with his acting on the belief that he *was* part of the consolidated group of grievants—a reasonable inference, given how all the other grievances were resolved. The prison officials do not dispute that the consolidated group exhausted its administrative remedies. State regulations provide that, in consolidated cases, "[n]ot every complainant may receive an individual written response, but the three or four grievants of record will." 7 N.Y.C.R.R. § 701.5(a)(3). So Garcia may not have expected to receive a written response specific to his grievance but instead acted after receiving notice of the denial of the other grievances.

We vacate the district court's grant of summary judgment and remand for further proceedings. On remand, the district court must at least conduct an evidentiary hearing to ascertain whether Garcia's grievance was separately denied and, if so, whether he appealed. *See Messa v. Goord*, 652 F.3d 305, 308-09 (2d Cir. 2011).

---

[4] Moreover, if it turns out that Garcia's grievance was never denied, then he would have had no opportunity to appeal such that the appeals process was not available to him. *See Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021) ("[T]he remedies must indeed be 'available' to the prisoner.") (quoting *Ross v. Blake*, 578 U.S. 632, 639 (2016)).

## CONCLUSION

We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.