*Hall v. Annucci*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty-three.

PRESENT:

   **ROBERT D. SACK,**
   **GERARD E. LYNCH,**
   **MICHAEL H. PARK,**
     *Circuit Judges.*

_____

**Ralph Hall,**

   *Plaintiff-Appellant*,

   v.             22-2031

**Anthony Annucci, DOCCS Commissioner, in his official and personal capacity, Griffin, GHCF Superintendent, in his official and personal capacity, Dr. Bentivegna, GHCF Medical Supervisor, in his official and personal capacity, Dr. Kim, GHCF Medical Provider, in his official and personal capacity, Aileen McCarthy, GHCF Hospital-Infirmary Nurse, in her official and personal capacity, Nicole Walsh, GHCF Hospital-Infirmary Nurse, in her official and personal capacity, Donna Heitz, GHCF Hospital-Infirmary Nurse, in her official and personal capacity, Deborah MacDonald, GHCF Hospital-**

**Infirmary Nurse, in her official and personal capacity,**

*Defendants-Appellees,*

**GHCF Unknown Nursing Staff, in their official and personal capacities as Employees at Green Haven Correctional Facility between the September 26, 2017 date and October 30, 2017 and unnamed because of facility failure to disclose their identities,**

*Defendant.*

<div style="margin-left:2em">_____</div>

FOR PLAINTIFF-APPELLANT: Ralph Hall, *pro se*, Stormville, NY.

FOR DEFENDANTS-APPELLEES: Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, Stephen J. Yanni, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ralph Hall, proceeding *pro se*, alleges that while incarcerated he developed a life-threatening bacterial infection known as Methicillin-resistant Staphylococcus aureus ("MRSA") due to Defendants' deliberate indifference. The district court granted summary judgment to Defendants due to Hall's failure to exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The district

court also declined to enter a default judgment against one of the individual Defendants and denied Hall's motion for reconsideration. On appeal, Hall challenges all three decisions. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a grant of summary judgment *de novo*. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013). Summary judgment is appropriate only if, after resolving all ambiguities and drawing all inferences against the moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* at 126–27 (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). We also review *de novo* a district court's ruling on whether a plaintiff has exhausted administrative remedies under the PLRA. *See Romano v. Ulrich*, 49 F.4th 148, 152–53 (2d Cir. 2022).

Under the PLRA, a prisoner cannot sue over prison conditions until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This "exhaustion requirement applies to *all* inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added), and it is mandatory, *see Ross v. Blake*, 578 U.S. 632, 638-39 (2016). Here, the relevant administrative process is the three-step Inmate Grievance Program ("IGP"). *See* 7 N.Y.C.R.R. § 701.1 *et seq.*; *Garcia v. Heath*, 74 F.4th 44, 46 (2d Cir. 2023).

The district court correctly concluded that the IGP was available to Hall and that his arguments to the contrary are unavailing. The PLRA's exhaustion requirement applies to complaints about medical treatment. *See Macias v. Zenk*, 495 F.3d 37, 43–45 (2d Cir. 2007); *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 221 (6th Cir. 2011) (applying the PLRA's

3

exhaustion requirement in the specific context of a MRSA infection). It is undisputed that Hall never filed a grievance regarding the allegedly inadequate medical care that led to his infection. Thus, the only question remaining for us is whether the IGP was unavailable to Hall. *See* Appellant's Br. at 5–6.

Prisoners are excused from the exhaustion requirement when administrative remedies are "unavailable." *Ross*, 578 U.S. at 642. An administrative procedure is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44.

The district court correctly determined that there is no genuine issue of fact as to whether any exception applies to Hall's failure to file a grievance related to his medical treatment. The IGP was not a dead end nor too opaque for an ordinary prisoner to navigate. In fact, Hall had previously used the IGP to file several grievances, including for medical- and health-related issues, that resulted in relief. Hall alleges that a correctional officer's comment about his likelihood of dying in prison "thwarted" his attempt to file a grievance about his medical treatment. But this argument is meritless because Hall in fact filed a grievance about that very comment.

Accordingly, the district court correctly granted summary judgment to Defendants on the issue of exhaustion. Because that issue is dispositive, we need not separately address whether the court abused its discretion by denying reconsideration of its previous denial of Hall's request for a default judgment. *See RSM Prod. Corp. v. Fridman*, 387 F. App'x 72, 75 (2d Cir. 2010) ("Because the action was properly dismissed as to the appearing defendants, we cannot conclude

4

that the district court abused its discretion in declining to enter default judgments against the non-appearing defendants."). We note, however, that Hall failed in any event to obtain an entry of default against the relevant Defendant under Federal Rule of Civil Procedure 55(a). *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011) (explaining that Rule 55 "provides a two-step process for obtaining a default judgment," the first of which is "to obtain an entry of default"). Nor does it appear that the relevant Defendant was served at the time Hall requested default judgment. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (describing that before a court grants a motion for default judgment, it "may first assure itself that it has personal jurisdiction over the defendant").

We have considered Hall's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court