22-2916-pr
Fox v. Cruz

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT:  DENNIS JACOBS,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　EUNICE C. LEE
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

JAVELL FOX,

　　　　　*Plaintiff-Appellant*,

　　v.　　　　　　　　　　　　　　　　　　　　No. 22-2916

OFFICER SANTIAGO CRUZ,
Eastern New York Correctional
Facility, SUPERINTENDENT
WILLIAM A. LEE, Eastern New York
Correctional Facility, LIEUTENANT
EDWARD MADISON, Eastern New
York Correctional Facility,

SERGEANT DUNCAN BEY, Eastern New York Correctional Facility, OFFICER WILLIAM KOZAK, Eastern New York Correctional Facility, OFFICER JASON WAUGH, Eastern New York Correctional Facility, SERGEANT JASON CONNOR, Eastern New York Correctional Facility, CAPTAIN WILLIAM WEBBE, Eastern New York Correctional Facility, ANTHONY RUSSO, Correction Deputy Superintendent Security, Eastern New York Correctional Facility, LIEUTENANT KARL SIMMONS, Eastern New York Correctional Facility, ROSEMARIE WENDLAND, Correction Deputy Superintendent Administration, Eastern New York Correctional Facility, OFFICER STUART MILLER, Eastern New York Correctional Facility, DEPUTY KENNETH CALAO, Eastern New York Correctional Facility, C. JENNINGS, Correction Steward, Eastern NY Correctional Facility, DIANE LABATTE, Correction Steward, Eastern New York Correctional Facility, ANTHONY J. ANNUCCI, Department of Corrections and Community Supervision Commissioner, OFFICER RICHARD HENRY, Eastern New York

Correctional Facility, OFFICER ROBERT O. WILLIAMSON, Eastern New York Correctional Facility, LIEUTENANT PATRICK SULLIVAN, Eastern New York Correctional Facility, SERGEANT PAUL BARG, Eastern New York Correctional Facility, SERGEANT TONY VANACORE, Eastern New York Correctional Facility,

*Defendants-Appellees*,

GOVERNOR ANDREW CUOMO, New York State, SERGEANT LIFIELD, Eastern New York Correctional Facility, SERGEANT BRADLEY, Eastern New York Correctional Facility, OFFICER SCHADEL,

*Defendants*.

---------------------------------------------------------------

FOR APPELLANT:                                    Javell Fox, *pro se*, Beacon, NY

FOR APPELLEE:                                     Barbara D. Underwood,
                                                  Solicitor General, Andrea Oser,
                                                  Deputy Solicitor General, *for*
                                                  Letitia James, Attorney
                                                  General of the State of New
                                                  York, Albany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*; Christian F. Hummel, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the action is REMANDED for further proceedings consistent with this order.

Plaintiff Javell Fox, proceeding *pro se*, appeals from an October 27, 2022 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting summary judgment in favor of all defendants, including the Appellees, on all but one of Fox's claims under 42 U.S.C. § 1983 that the defendants engaged in a pattern of harassment and retaliation against him based on his hairstyle, in violation of his First Amendment right to exercise

4

his religion.[1]  With respect to these dismissed claims, the District Court concluded that Fox had failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Fox now challenges the District Court's decision granting summary judgment.[2]  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate in part.

"We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in [his] favor."  *Aponte v. Perez*, 75 F.4th 49, 55 (2d Cir. 2023) (quotation marks omitted).  With two exceptions, we agree with the District Court that Fox failed to exhaust his administrative remedies.

To properly exhaust his administrative remedies, Fox was required to comply with the New York Department of Corrections and Community Supervision's three-tiered grievance process.  7 N.Y.C.R.R. § 701.5.  Fox filed five

---

[1] Fox proceeded to trial on the remaining claim and prevailed in part.

[2] Fox also asserts that the District Court erred when it denied his motions for contempt and for leave to file a second amended complaint.  Fox does not explain why the District Court erred, however, and even a liberal reading of Fox's brief fails to persuade us that his assertion has any merit.

grievances giving rise to the claims at issue on appeal. For reasons not apparent on the record, he failed to appeal the denial of three of those grievances to the Central Office Review Committee (CORC), the final step to complete the administrative grievance process. 7 N.Y.C.R.R. § 701.5(d); *Garcia v. Heath*, 74 F.4th 44, 46 (2d Cir. 2023). Fox thus failed to exhaust his remedies for the claims asserted in these three grievances. *See Jones v. Bock*, 549 U.S. 199, 218 (2007); *Romano v. Ulrich*, 49 F.4th 148, 153 (2d Cir. 2022). Fox also failed to exhaust any claims for which he did not file a grievance. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011).

Urging a contrary conclusion, Fox contends that we should excuse his failure to exhaust because the grievance process was unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). We are not persuaded. In opposing summary judgment, Fox failed to adduce any admissible evidence that any step of the three-step grievance process was unavailable to him. *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

Fox also argues that he was not required to use the three-step grievance process to exhaust the claims arising from one of the three grievances because they relate to a disciplinary hearing. To be sure, a prisoner alleging due process

6

violations in a disciplinary hearing exhausts his administrative remedies by directly appealing the hearing. *Davis v. Barrett*, 576 F.3d 129, 132 (2d Cir. 2009). But neither Fox's grievance nor his federal complaint challenges the disciplinary hearing itself. Instead, Fox alleges that corrections officers filed false disciplinary reports and conducted the hearings in a biased way in order to harass and retaliate against him for his prior grievances. Fox was thus required to administratively exhaust these retaliation and harassment claims through the three-step grievance process before pursuing those claims in federal court. *See Porter*, 534 U.S. at 532 (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life," including "particular episodes" of wrongdoing).

As the Appellees concede, however, Fox fully exhausted his remedies with respect to his two remaining grievances, ECF-26147-14 and ECF-26217-15, before he asserted the related claims in federal court. With respect to ECF-26147-14, Fox appealed the grievance to the CORC, which failed to respond within the 30 days required under New York's regulations. Consistent with *Hayes v. Dahlke*, 976 F.3d 259 (2d Cir. 2020), which was published after the summary judgment decision in this case, Fox exhausted his administrative remedies because he

7

"follow[ed] the [inmate grievance] procedure in its entirety but the CORC fail[ed] to respond within the 30 days it is allocated under the regulations." *Id.* at 270; *see* 7 N.Y.C.R.R. § 701.5(d)(3)(ii). With respect to ECF-26217-15, the Appellees concede that Fox had fully exhausted the grievance by the time he first asserted the related claims in his operative amended complaint.[3] Accordingly, we vacate the District Court's judgment granting summary judgment as to the claims relating to grievances ECF-26147-14 and ECF-26217-15 and remand the case to the District Court for further proceedings on those claims.[4]

---

[3] Because the Appellees have conceded that the claims relating to grievance ECF-26217-15 should be deemed exhausted, we need not decide whether, under *Neal v. Goord*, 267 F.3d 116, 117–18 (2d Cir. 2001), *abrogated in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002), Fox in fact properly exhausted his administrative remedies.

[4] To the extent grievance ECF-26217-15 asserts claims related to Appellee Santiago Cruz's alleged sexual assault, those claims are not remanded because the District Court denied summary judgment and Fox proceeded to trial on those claims. *See Fox v. Lee*, No. 15-cv-390 (TJM), 2018 WL 8576600, at *10 (N.D.N.Y. Dec. 18, 2018), *adopted*, 2019 WL 1323845 (N.D.N.Y. Mar. 25, 2019).

We have considered Fox's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
