24-1684-cv
Demopoulos v. United Metro Energy Corp.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of March, two thousand twenty-five.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

DEMOS P. DEMOPOULOS, AS
TRUSTEE AND FIDUCIARY OF
THE LOCAL 553 PENSION FUND,
LOCAL 553 DEFERRED
COMPENSATION FUND AND
LOCAL 553 BENEFITS FUND,
VICTOR CASTELLANO, AS
TRUSTEE AND FIDUCIARY OF
THE LOCAL 553 PENSION FUND,
LOCAL 553 DEFERRED
COMPENSATION FUND AND
LOCAL 553 BENEFITS FUND,
STEVEN GOLDMAN, AS TRUSTEE

AND FIDUCIARY OF THE LOCAL
553 PENSION FUND, LOCAL 553
DEFERRED COMPENSATION
FUND AND LOCAL 553 BENEFITS
FUND, VINCENT THEURER, AS
TRUSTEE AND FIDUCIARY OF
THE LOCAL 553 PENSION FUND,
LOCAL 553 DEFERRED
COMPENSATION FUND AND
LOCAL 553 BENEFITS FUND, JEFF
HAMMOND, AS TRUSTEE AND
FIDUCIARY OF THE LOCAL 553
PENSION FUND, LOCAL 553
DEFERRED COMPENSATION
FUND AND LOCAL 553 BENEFITS
FUND,

   *Plaintiffs-Appellees*,

  v.           No. 24-1684-cv

UNITED METRO ENERGY CORP.
AKA UNITED APOLLO
PETROLEUM TRANSPORTATION
CORP., AKA UNITED APOLLO
TRANSPORTATION CORP.,
UNITED APOLLO PETROLEUM
TRANSPORTATION CORP.,
UNITED APOLLO
TRANSPORTATION CORP.,

   *Defendants-Appellants*.

------------------------------------------------------------------

FOR APPELLEES:                          WILLIAM ANSPACH (Eugene S.
                                        Friedman, Benjamin
                                        Hollander, *on the brief*),
                                        Friedman & Anspach, New
                                        York, NY

FOR APPELLANTS:                         DAVID M. PIXLEY, Jackson
                                        Lewis P.C., Cleveland, OH
                                        (Robert R. Perry, Jackson
                                        Lewis P.C., New York, NY, *on
                                        the brief*)

Appeal from an order of the United States District Court for the Eastern

District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the order of the District Court is AFFIRMED.

Defendants United Metro Energy Corp., United Apollo Petroleum

Transportation Corp., and United Apollo Transportation Corp. (collectively,

"United") appeal from a May 23, 2024 final order of the United States District

Court for the Eastern District of New York (Block, *J.*) granting summary

judgment in favor of the Trustees and Fiduciaries of the Local 553 Pension Fund,

Local 553 Deferred Compensation Fund, and Local 553 Benefits Fund

(collectively, the "Funds"), and also granting an injunction directing the

Defendants to permit and cooperate in an audit of their books and records for the

time period from March 1, 2013 through December 31, 2018.  We assume the

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

The following facts are undisputed. In March 2013 United acquired two heating oil transportation companies, Apollo Petroleum Transportation, Inc. ("Apollo 1") and Apollo Petroleum Transportation, LLC ("Apollo 2"), both of which employed members of Local 553 of the International Brotherhood of Teamsters (the "Union"). Apollo 1's and Apollo 2's unionized employees previously were covered under two multiemployer collective bargaining agreements ("CBAs"), including one referred to as the "Master Contract," which obligated signatory employers to contribute to the Funds for covered work done by employees involved in "retail" oil deliveries. During the relevant period, the Union negotiated a Master Contract with employers for three-year terms, resulting in a 2010–2013 Master Contract, a 2013–2016 Master Contract, and a 2016–2019 Master Contract.

After acquiring the Apollos, United voluntarily recognized the Union and signed another CBA, called the 2013–2017 Bulk Contract, which covered work done by employees involved in "bulk" oil deliveries but did not require United

4

to make any contributions to the Funds. Although United did not sign any of the Master Contracts, it nevertheless provided three Apollo 1 employees previously covered by the 2010–2013 Master Contract—John Spaight (terminal maintenance), Thomas Galasso (terminal maintenance), and Paul Senatore (driver)—with the wages and benefits specified in that Master Contract, making contributions to the Funds and submitting remittance reports until each was promoted, terminated, or retired.

In 2017, about two years after Senatore retired and United stopped making contributions to the Funds, United and the Union entered into a Memorandum of Agreement ("MOA"). The MOA provided that United would adopt the 2016–2019 Master Contract as of March 1, 2017, to "initially cover five (5) drivers performing retail delivery work who shall be chosen by seniority from the current bulk seniority list." App'x 342.

The 2010–13, 2013–2016, and 2016–2019 Master Contracts all required signatory employers to submit to audits and provide payment records to an accounting firm hired by the Funds. United complied for audit years 2013, 2014, 2015, and 2017. The Funds initiated this suit only after United rejected a request for full access to its records as part of an audit for 2018.

5

## DISCUSSION

We review *de novo* the District Court's decision to grant summary judgment in favor of the Funds and draw all permissible factual inferences in favor of United as the nonmoving party. *Garcia v. Heath*, 74 F.4th 44, 47–48 (2d Cir. 2023). We will affirm a grant of summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### I. Intent to Be Bound

An entity does not need to sign a CBA to be bound by its terms; it can instead adopt the terms of a CBA by its conduct. *See Brown v. C. Volante Corp.*, 194 F.3d 351, 355–56 (2d Cir. 1999). We consider a number of factors to determine an employer's intent to adopt an unsigned CBA through its conduct, including whether the employer contributed to the funds on behalf of employees, filed remittance reports, remitted union dues, submitted to audits, and paid wages and benefits commensurate with the CBA's requirements. *See id.* at 354–56; *Baskin v. Hawley*, 807 F.2d 1120, 1129 (2d Cir. 1986).

The undisputed record evidence shows that United engaged in conduct demonstrating that it had adopted the 2010–2013 and 2013–2016 Master

6

Contracts with respect to all employees performing covered work. The Funds therefore "satisfied their initial burden to demonstrate the absence of a genuine issue of material fact as to whether [United] adopted the two unsigned CBAs." *Volante*, 194 F.3d at 354.

United responds that its conduct did not manifest an intent to adopt the 2010–2013 and 2013–2016 Master Contracts, pointing out that while it expressly adopted the 2013–2017 Bulk Contract, which covered "all Drivers," App'x 331, it treated only a "select number of specified employees" in a manner consistent with the terms of the 2010–2013 and 2013–2016 Master Contracts, Appellants' Br. 22; *see also* App'x 1347. But the Master Contract covers only employees who are involved in retail deliveries, and United points to no record evidence that it was aware of any other employees who were involved in retail deliveries but not treated as covered under the Master Contract. Thus, the record does not support an inference that United acted inconsistently with the terms of the Master Contracts so as to create a genuine dispute as to whether United adopted the contracts for all covered work.

The fact that the Funds' audits "consistently found that [United's] obligation to make contributions to the Funds were limited" to Spaight, Galasso,

7

Senatore, and the five MOA drivers, Appellants' Br. 25, does not preclude summary judgment. To the contrary, United's responses to audits for 2013, 2014, and 2015, and 2017 evidence its intent to adopt the Master Contracts, while the results of the audits relate only to whether it was complying with the contract. *See Volante*, 194 F.3d at 355. And because United never identified any employees who should have been covered between 2015 (when Senatore retired) and 2017, the fact that United in the 2017 MOA agreed to "initially" cover five drivers under the 2016–2019 Master Contract has no bearing on whether it was bound by the earlier Master Contracts. App'x 342.

United also contends that the testimony of Demos Demopoulos, a trustee of the Funds and a Union negotiator, that United was "trying to get away from the Master Contract" and was "evading the terms of the Master Contract," App'x 175, 180, supports United's disclaimer of the Master Contract. We disagree. To the contrary, Demopoulos's testimony supports the Funds' position that United adopted and subsequently breached the 2013–2016 Master Contract. Moreover, this case is not like *Moglia v. Geoghegan*, 403 F.2d 110 (2d Cir. 1968), on which United relies. There the employer "did not appear to be willing to accept the[] terms [of the CBA] at any time," *id.* at 118. Here, by contrast, it is undisputed

8

that United was willing to act in accordance with the terms of the Master Contracts—even if it made efforts to limit the number of employees covered by the Master Contracts and even if it breached the Master Contracts. *See Volante*, 194 F.3d at 355–56.

For these reasons, we conclude that the District Court properly granted summary judgment in favor of the Funds.

## II.     Relief

United contends that because it is not an "Employer" within the terms of the Trust Agreements, it is not bound to submit to an audit. This argument is foreclosed by our conclusion that United adopted the Master Contracts, which incorporate the Trust Agreements by reference. App'x 442, 463. United separately argues that, even assuming it adopted the 2010–2013 and 2013–2016 Master Contracts through its conduct, the District Court erred in issuing an injunction requiring it to submit to an audit for the period from March 1, 2013 through December 31, 2018. United contends that the audit exceeds the scope of the trustees' authority under the Master Contracts, which United interprets as entitling it to "demand and receive" the 2013–17 Bulk Contract for retail delivery work and to thereby avoid the audit. Appellants' Br. at 34 (quoting App'x 432,

456).  Because United raises this argument for the first time on appeal, however, we decline to consider it.  *See Parada v. Banco Indus. de Venez., C.A.*, 753 F.3d 62, 70 (2d Cir. 2014).

## CONCLUSION

We have considered United's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court